STEPHEN WRIGHT *vs.* CHARLES H. SHELDON *et al.*

PROVIDENCE—JULY 25, 1902.

PRESENT : Stiness, C. J., Tillinghast and Blodgett, JJ.

(1)  *Contracts.   Implied in Fact.   Voluntary Services.*

Where services have been performed covering a long period of time, without any contract for payment or any claim for such payment, the natu-

ral presumption is that the services were rendered as a friendly act, and it is too late to bring in a charge for such services after they have ended.

(2)  *Contracts.  Implied in Fact.*

Where one party gives another a power of attorney for the entire charge of his investments, thereby creating a formal and responsible relation, a contract for payment of services rendered may be implied.

BILL IN EQUITY.    Heard on exceptions to report of master.

PER CURIAM.    The testimony shows that the respondent, Charles H. Sheldon, collected dividends from stock and interest coupons on bonds for the complainant for about thirty years.    During that time Sheldon was the cashier of a bank in which the complainant was a large stockholder and depositor ; and nothing was ever paid for such services, and nothing ever said about it by either party.

(1)    When relations of this character have been so long continued without any contract for payment or any claim for such payment, the natural presumption is that the service was rendered as a friendly act, and it is too late to bring in a charge for such service after it has ended.    Where the parties have not made a contract in such a case, the court can neither make one nor imply one.    We therefore think that the allowance by the master for services from 1895 to 1900 was erroneous.

(2)    February 4, 1900, the complainant gave to Sheldon a power of attorney for the entire charge of his investments.·  This being a much more formal and responsible relation, we think that a contract for payment may be implied, and for this service we think that the allowance made by the master, while it is ample, is not unreasonable.

Exceptions to master's report sustained accordingly.

*Claude J. Farnsworth and Charles R. Easton,* for complainant.

*Comstock & Gardner,* for respondent.